UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

HELEN SWARTZ, Individually,

        Plaintiff,

vs.

Case No.   1:19-cv-20296-UU

KIMPTON HOTEL & RESTAURANT GROUP,
LLC, a Delaware Limited Liability Company,

        Defendant.
_____/

**FIRST AMENDED COMPLAINT**
(Injunctive Relief Demanded)

     Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, KIMPTON HOTEL & RESTAURANT GROUP, LLC, a Delaware Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

     1.     Plaintiff, Helen Swartz, is an individual residing in Miami Beach, FL, in the County of Miami-Dade.

     2.     Defendant's property, The Kimpton Epic Hotel, is located at 270 Biscayne Boulevard, Miami, FL, in the County of Miami-Dade.

     3.     Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and the Defendant does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Helen Swartz suffers from multiple sclerosis. She was diagnosed twenty years ago and as a result of losing her ability to ambulate, she uses a mobility scooter. Family and friends often visit her in the Miami area and she enjoys visiting with them at the various hotels in which they stay. Ms. Swartz sometimes stays in hotels with them to eliminate the need to return home late, as fatigue is a significant component of the disease. She and her husband also enjoy celebrating special events such as birthdays and anniversaries by enjoying hotel restaurants and spending the night to use spa amenities. Ms. Swartz's granddaughter enjoys using the hotel pools when visiting Miami and Ms. Swartz enjoys treating her granddaughter to overnight stays in hotels in Miami.

6. Helen Swartz has visited the property which forms the basis of this lawsuit. Ms. Swartz plans to return to the property once the property is made ADA compliant, and the barriers to access have been corrected. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the properties have impaired her ability to use restrooms in the hotel, use the spa facilities, access the restroom and other areas in the accessible guestroom, and to access the premises. The barriers to access at the property have endangered her safety.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public

accommodation that the Defendant owns, operates, leases or leases to is known as The Kimpton Epic Hotel, and is located at 270 Biscayne Boulevard, Miami, FL.

8.     Helen Swartz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this First Amended Complaint.  Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Helen Swartz desires to visit The Kimpton Epic Hotel, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9.     The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of the The Kimpton Epic Hotel has shown that violations exist.  These violations that Helen Swartz has personally encountered or observed, and which were verified by an ADA expert, include, but are not limited to:

    a.     Appropriate handrails are not provided at the stairway.  This is in violation of section 505.10.3 of the 2010 Standards for Accessible Design. §36.304.

    b.     Appropriate handrails are not provided at the ramp.  This is in violation

of sections 405.8 & 505.2 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

  c. Accessible seating is not provided at the tables or bars. This is in violation of sections 226 and 902 of the 2010 Standards for Accessible Design. This condition made it extremely difficult for the Plaintiff access the tables in the hotel.

  d. The assorted bars and counters are too high. This is in violation of sections 226 and 902 of the 2010 Standards for Accessible Design. This condition made it extremely difficult for the Plaintiff access to the bar in the hotel.

  e. Items are out of reach in the Gift Shop. This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

  f. Access is not provided to the balconies in the accessible guestrooms. This is in violation of section 806.2.2 of the 2010 Standards for Accessible Design. §36.201, §36.202, §36.304. This condition denies plaintiff access, and equal enjoyment to all the areas inside and outside the guestrooms.

  g. The bathtub in the accessible guestroom bathroom does not have an accessible shower seat. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to use.

  h. The shower spray unit in the bathtub in the accessible guestroom bathroom does not have an on/off control with a non-positive shut-off. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to use.

  i. The flush controls are on the narrow side of the water closets in the accessible guestroom bathrooms. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to use.

  j. A standard accessible roll-in shower is not provided in the accessible guestroom bathroom. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to use.

  k. The shower spray unit in the roll-in shower in the accessible guestroom bathroom does not have an on/off control with a non-positive shut-off. This is in

violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to use.

      l.     In the accessible guestroom bathroom, the grab bar is behind the shower seat in the roll-in shower. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to use.

      m.    In the accessible guestroom bathroom, the shower controls are behind the shower seat instead of adjacent to the seat in the roll-in shower. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to access.

      n.     The window controls in the accessible guestrooms require tight grasping, pinching, or twisting of the wrist to operate. This is in violation of sections 309 and 806 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facility.

      o.     Items in the accessible guestroom bathrooms and bedrooms are out of reach to a person using a wheelchair. This is in violation of sections 308 and 806 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

      p.     The pipes underneath the lavatories in all the toilet rooms/toilet compartments are exposed. This is in violation of section 606.5 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facility.

      q.     Appropriate door hardware is not provided on both sides of the assorted accessible stall doors. This is in violation section 604.8.1.2 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to use the facility.

      r.     Items in the Fitness Room are out of reach to a person in a wheelchair. This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

      s.     An accessible bench is not provided by the lockers. This is in violation of section 903 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

t. Plaintiff was denied independent access to the Spa. §36.201, §36.202, §36.304. This condition denies equal enjoyment by the Plaintiff to use the facilities as only direction to the Spa entrance is via a stairway. Plaintiff had to ask a few people if there was another way to access the spa. Almost none of the staff knew of an alternative route. (b) § 36.302. Finally, someone in the gift shop called the Spa manager. Plaintiff had to wait to be escorted in a circuitous, undocumented route that only the manager knew existed. Plaintiff denied independent access to the Spa. The hotel employees are not properly trained in accessibility.

u. The grab bar is behind the shower seat in the Spa roll-in shower. This is in violation of section 608.3.2 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to use.

v. The shower controls in the Spa's accessible shower not correctly installed. This is in violation of section 608.5.1 of the 2010 Standards for Accessible Design. §36.201, §36.202, §36.304. This condition made it difficult for the Plaintiff to access the controls.

w. The entry threshold to sauna is too high. This is in violation of section 404.2.5 of the 2010 Standards for Accessible Design. §36.201, §36.202, §36.304. This condition made it difficult for the Plaintiff to enter the toilet compartment.

x. The mirrors in the Spa toilet room are too high. This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facility.

y. The door opening force on all the toilet room entry doors are too hard to open. This is in violation of section 404.2.9 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

z. The staff is not versed/trained in accessibility as the Plaintiff's room request was not properly documented. This is in violation of (b) § 36.302. This stressed the Plaintiff as she was given a room that was not requested.

aa. The hotel does not provide the required amount of compliant accessible guest rooms. This is in violation of section 224 of the 2010 Standards for Accessible Design. §36.304. This denies to Plaintiff the full and equal opportunity to stay at the subject hotel.

**Maintenance**

bb. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

11. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines, and the 2010 ADA Standards for Accessible Design (ADAAG), as promulgated by the U.S. Department of Justice.

12. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendant has discriminated against the individual by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable

modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by

8

Plaintiff or waived by the Defendant.

17.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter The Kimpton Epic Hotel to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.  The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

18.     Nothing herein concerns the website of Defendant's facility

**WHEREFORE,** Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.      Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

      c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

      d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated:  January 23, 2019                                  Respectfully submitted,

                                                                                  */s/   Lawrence A. Fuller*
                                                                                  Lawrence A. Fuller, Esq. (FBN 0180470)
                                                                                  FULLER, FULLER & ASSOCIATES, P.A.
                                                                                  12000 Biscayne Blvd., Suite 502
                                                                                  North Miami, FL 33181
                                                                                  (305) 891-5199
                                                                                  (305) 893-9505 - Facsimile
                                                                                  lfuller@fullerfuller.com

                                                                                  Counsel for Plaintiff Helen Swartz